UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| BRITTANY WALKER,<br>Plaintiff,<br>v.<br>EXPERIAN INFORMATION SOLUTIONS LLC,<br>Defendant. | Case No. 2:26-cv-02053-MMD-EJY<br>**ORDER** |

Pending before the Court is Plaintiff's application to proceed *in forma pauperis* ("IFP) and Complaint alleging violations of the Fair Credit Reporting Act (the "FCRA). ECF Nos. 1-1, 4. Plaintiff's IFP application is complete and granted below.

**I. Screening the Complaint**

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint pursuant to § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more

than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly,* 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

**II. Plaintiff's Complaint Under the FCRA**

Congress enacted FCRA to ensure accurate reporting about the "credit worthiness, credit standing, credit capacity, character, and general reputation of consumers." 15 U.S.C. § 1681(a)(2). Under FCRA, a consumer may request a copy of his credit report from TransUnion, Equifax, and Experian, the country's "Big Three" credit reporting agencies. *TransUnion LLC v. Ramirez*, 594 U.S. 413, 419 (2021); 15 U.S.C. § 1681g(a). If the consumer finds something amiss on the credit report, one option is to file a dispute with the credit reporting agency, which in turn notifies the entities that "furnished" information about the consumer's debt. 15 U.S.C. § 1681i(a).

15 U.S.C. § 1681e(b) establishes: "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." A violation of 1681e(b) is actionable under either § 1681n or § 1681*o*. *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1332 (9th Cir. 1995). "In order to make out a prima facie violation under § 1681e(b), a consumer must present evidence tending to show that a credit reporting agency prepared a report containing inaccurate information." *Id.* at 1333.

The Court construes Plaintiff's complaint as asserting a violation of under § 1681e(b) and seeks relief under § 1681n and 1681o. A review demonstrates she pleads sufficient facts to proceed with her Complaint alleging violations of the FCRA as stated.

## III. ORDER

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Application to proceed *in forma pauperis* (ECF No. 4) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's claims under the Fair Credit Reporting Act against Experian may proceed.

IT IS FURTHER ORDERED that Plaintiff's Complaint, ECF No. 1-1, must be filed on the docket.

IT IS FURTHER ORDERED that the Clerk of Court **must** send Plaintiff one USM-285 form to Plaintiff who **must** return the form no later than **August 14, 2026** to:

Marshal Schofield
U.S. Marshal, District of Nevada
Lloyd D. George Federal Courthouse
333 Las Vegas Blvd. S., Suite 2058
Las Vegas, Nevada 89101

Plaintiff is advised to review the Nevada Secretary of State Business Entity Search website for Defendant's registered agent upon whom service of his Third Amended Complaint must be served.

IT IS FURTHER ORDERED that the Clerk of Court must issue a summons for Experian and deliver the same, together with one copy of Plaintiff's Complaint (ECF No. 1-1) and a copy of this Order to the U.S. Marshal Service for service on Defendant.

IT IS FURTHER ORDERED that the U.S. Marshal Service must attempt service on Defendant no later than twenty-one (21) days after it receives the USM-285 from Plaintiff, and the summons, Third Amended Complaint, and this Order from the Clerk of Court.

IT IS FURTHER ORDERED that Plaintiff's failure to comply with the return of the USM 285 may result in a recommendation to dismiss this case in its entirety without prejudice.

Dated this 21st day of July, 2026.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE